ZDANIS LAW FIRM, PLLC
By: Karen L. Zdanis, Esq. (KZ3651)
55 Old Turnpike Road, Suite 304
Nanuet, New York 10954
Tel (845) 356-0855
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

MARY K. BLAZEK,                                      18 Civ. _____

       Plaintiff,                                      COMPLAINT

against,                                             JURY TRIAL DEMANDED


MANHATTAN SCHOOL OF MUSIC,

       Defendant.
------------------------------------------------------- x

      Plaintiff Mary K. Blazek ("Plaintiff" or "Ms. Blazek"), by her attorneys ZDANIS LAW FIRM, PLLC, complaining of Defendant Manhattan School of Music ("Defendant" or MSM) herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

## NATURE OF CLAIMS

    1.    Plaintiff brings this action to recover damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §206(d) (the "Equal Pay Act"); New York Labor Law §194 (the "New York Equal Pay Act"); New York State Human Rights Law, Executive Law §290 *et seq*. ("NYS Human Rights Law"); and the Administrative Code of the City of New York §8-101 *et seq*. ("NYC Human Rights Law") and alleges that Defendant repeatedly and willfully violated Section 6(d) of the Equal Pay Act by discriminating between employees on the

1

basis of sex by paying wages to the Plaintiff, a female, at a rate less than the rates at which it paid wages to male employees in the same establishment for equal work on the jobs the performance of which requires equal skill, effort and responsibility, and that which is performed under similar working conditions, and that it violated the NYC Human Rights Law and the NYS Human Rights Law by discriminating against Plaintiff on the basis of her sex and gender.

## PARTIES

2.  At all times relevant hereto, Ms. Blazek is a female and resides in the Southern District of New York and was an employee of Defendant Manhattan School of Music.

3.  At all times relevant hereto, Defendant Manhattan School of Music was, and is, an educational institution organized under the laws of the State of New York and authorized to do business in the State of New York, its principal place of business at 130 Claremont Avenue, New York, NY 10027.

4.  At all times relevant hereto, Defendant has continuously been doing business in the Southern District of New York and has continuously employed several hundred employees and was therefore, and continues to be, an "employer" within the definition of NYS Human Rights and NYC Human Rights laws.

5.  At all times relevant hereto, Defendant has been and continues to be an "employer" under the terms of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §201 *et seq* (the "Fair Labor Standards Act"), particularly 29 U.S.C. §206(d)(1) (the "Equal Pay Act"), 28 U.S.C. §1331 ("original federal question"). The Court has supplemental jurisdiction over the New York State Law claims pursuant to 28 U.S.C. §1367(a), as such claims

are so related in this action within such original jurisdiction that they form part of the same case or controversy under article III of the United States Constitution.

7. The Plaintiff alleges that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs attendant to the litigation.

8. Venue is appropriate in the Southern District of New York as Defendant's wrongdoing as detailed herein occurred at Defendant's principal place of business, which is located within this District at 130 Claremont Avenue in the City and County of New York and as Plaintiff resides within the District in the City of White Plains and State of New York.

## FACTUAL ALLEGATIONS

9. Ms. Blazek was employed by Defendant between 2005 and until June 15, 2018, when she resigned following prolonged, persistent gender discrimination.

10. Ms. Blazek was first employed by Defendant as a part-time stage manager in 2005. She was then hired as a full-time Production Coordinator in 2007.

11. Ms. Blazek was, during all relevant times, an exemplary employee- well-reviewed and respected in the industry. She was promoted and given ever-increasing responsibility.

12. Nevertheless, she was subjected to persistent and pervasive sex and gender discrimination, for example Ms. Blazek was assigned and expected to take notes and be a "secretary" in meetings at least on a weekly basis and to track details and to perform secretarial functions that males were never asked to perform.

13. Beginning in 2005, traditionally feminine tasks such as laundry and cleaning and vacuuming were delegated to Plaintiff because she was a female, and not delegated to male employees.

14. Ms. Blazek's manager at the time frequently said that women "took direction easier," "took instruction easier," and "were easier to correct and instruct."

15. In 2008, Ms. Blazek and a male colleague, Robert Smith, spoke loudly to each other after Mr. Smith refused to leave a production space to allow the next event to come in and set up. Ms. Blazek was criticized for speaking loudly to Mr. Smith, but Mr. Smith was not similarly criticized. Rather, Ms. Blazek was told that it was understandable that Mr. Smith had spoken loudly to her "because he was frustrated."

16. More than once, Ms. Blazek's male colleagues lost their temper and/or spoke loudly to her without consequence and with the benefit of excuses from the Human Resources Director, whereas Ms. Blazek was criticized for the same or lesser incidents. In particular, in 2012, a male faculty member, David Gaber, insulted Mr. Blazek's production staff. When Ms. Blazek defended herself and her staff, Mr. Gaber publicly humiliated her for speaking up. Ms. Blazek was then forced to apologize to Mr. Gaber. Based on Ms. Blazek's experience at MSM, no part of this situation would have occurred had Ms. Blazek been male.

17. Also, the Human Resources Director, who was instrumental in decisions regarding promotions and salary increases, made a point of praising female employees for exhibiting "sweetness" and maintaining traditionally feminine dress and demeanor.

18. The Human Resources Director indicated her strong preference for Ms. Blazek to be more "feminine" on several occasions.

19. For example, more than once, the Human Resources Director took note and made express comments to Ms. Blazek regarding liking it when she spoke in a soft, feminine voice, as opposed to Ms. Blazek's normal voice tone.

20. In addition, the Human Resources Director made a point to praise Ms. Blazek specifically when Ms. Blazek wore makeup and more feminine clothing, and specified that she "should" wear makeup more often and specifically praised Ms. Blazek when she wore skirts instead of pants.

21. The Human Resources ("HR") Director's animus towards Ms. Blazek based on her sex and gender presentation negatively interfered with Ms. Blazek's promotions and salary increases.

22. On several occasions, Ms. Blazek reported specific incidents to management when she was discriminated against on the basis of her gender and sex, and despite acknowledging there was a problem, management either failed to follow up or informed her nothing could be done regarding the discrimination.

23. Ms. Blazek's complaints included the following: in 2006 to Ms. Blazek's direct supervisor concerning gendered cleaning assignments; in 2008 to the HR Director regarding the differential treatment of Ms. Blazek and Robert Smith, a male colleague); in 2012 to HR Director and Ms. Blazek's direct supervisor regarding a male faculty member's public humiliation of Ms. Blazek; in 2014/2015 to the Provost and the HR Director regarding the promotion of male colleague to a position above Ms. Blazek despite his lack of experience compared with Ms. Blazek's;  in 2016 to the Provost and the CFO and Ms. Blazek's direct supervisor regarding disparate wages; in 2016 to the Provost and CFO regarding discriminatory statements by the HR Director; in 2017 to the Interim Provost and Ms. Blazek's direct supervisor regarding disparate wages; in 2018 to the HR Director regarding disparage wages.

24. In addition, Defendant hired several male employees over Ms. Blazek, despite the fact that they had less experience and Ms. Blazek was qualified for the position and had shown a strong work ethic and excellent performance.

25. Defendant failed to promote Ms. Blazek in 2008 and again in 2014, and instead hired male employees with less experience than her, and placed them in positions supervising Ms. Blazek on the basis of their "potential," while advising Ms. Blazek that she would need to "prove herself" to gain similar opportunities.

26. Defendant also gave the male employees larger salaries than Ms. Blazek based on their "potential" alone, despite their lack of experience.

27. Conversely, Defendant required female employees, including Ms. Blazek, to "prove themselves" repeatedly and did not do the same for male employees.

28. Defendants also gave female employees lower salaries and more menial responsibilities and lower titles than male employees.

29. Defendants required Ms. Blazek to "prove herself," meaning take on additional duties without an increase in pay for an extended period of time, something that was not required of Ms. Blazek's male colleagues.

30. During the entire period of Ms. Blazek's employ, but in particular during the three years immediately preceding the filing of this lawsuit, Defendant repeatedly and willfully violated Section (6)(d) of the Equal Pay Act by discriminating against Ms. Blazek on the basis of her sex by paying Ms. Blazek a lower wage than it paid to male employees who worked in the same workplace under similar working conditions and performing equal work requiring equal skill, effort, and responsibility.

31. Defendant had, and has, no legitimate basis whatsoever for paying Ms. Blazek less than any similarly situated male employee for substantially equal work or for treating her worse or differently than male employees.

32. Defendant failed to properly investigate and correct these issues despite Ms. Blazek's complaints to Defendant's management. Instead, Defendant conducted insubstantial "investigations" and refused to ameliorate the significant equal pay disparity and other discriminatory conditions existing at Defendant's premises.

33. When Plaintiff was constructively terminated in 2018 after her numerous complaints about this persistent wage disparity were ignored, she still wasn't earning the salary that the prior male Director of Production was earning five years earlier despite the fact that she was performing above and beyond the call of the position, including managing over 1,000 events a year, overseeing the negotiation of the inaugural union contract (during which her work was highly praised not only by the school's representatives and its counsel, but the union's own business agent), a multi-million dollar renovation of one of MSM's central theatre spaces for its centennial, and the introduction of the brand-new major.

## FIRST CAUSE OF ACTION
### Equal Pay Act - 29 U.S.C. §206(d)

34. Plaintiff repeats and realleges each and every paragraph set forth above as though fully set forth below.

35. At all relevant times, Defendant was Ms. Blazek's employer within the meaning of FLSA, 29 U.S.C §203.

36. By the acts and practices described above, Defendant discriminated against Ms. Blazek in violation of the Equal Pay Act by paying similarly situated male employees higher

wages than Ms. Blazek was paid in a job that required equal skill, effort, and responsibility, and which was performed under similar working conditions.

37. Defendant knew that its actions constituted unlawful discrimination and/or Defendant acted with malice or reckless disregard for Plaintiff's rights.

38. Therefore Plaintiff hereby seeks damages in an amount equal to the difference between the wages she actually received and the wages received by male employees for equal work within the meaning of the Equal Pay Act and an additional amount as liquidated (double) damages together with the costs of suit, attorneys' fees, and any other relief that to this court seems just and proper.

## SECOND CAUSE OF ACTION
### New York Equal Pay Act

39. Plaintiff repeats and realleges each and every paragraph set forth above as though fully set forth below.

40. At all relevant times, Defendant was Ms. Blazek's employer subject to the New York Equal Pay Act.

41. By the acts and practices described above, Defendant discriminated against Ms. Blazek in violation of the New York Equal Pay Act by paying similarly situated male employees higher wages than the wages Ms. Blazek was paid in a job that required equal skill, effort, and responsibility, and which was performed under similar working conditions.

42. Defendant knew that its actions constituted unlawful discrimination and/or Defendant acted with malice or reckless disregard for Plaintiff's rights.

43. Therefore, Plaintiff hereby seeks damages in an amount equal to the difference between the wages she actually received and the wages received by male employees for equal work within the meaning of the New York Equal Pay Act and an additional amount as liquidated

(double) damages together with the costs of suit, attorneys' fees, and any other relief that to this court seems just and proper.

## THIRD CAUSE OF ACTION
### New York State Human Rights Law

44. Plaintiff repeats and realleges each and every paragraph set forth above as though fully set forth below.

45. By the acts and practices described above, Defendant discriminated against Plaintiff in violation of the NYS Human Rights Law by compensating her at a lower wage than similarly situated male employees and by subjecting her to disparate treatment based on her sex, gender, and gender expression.

46. Defendant knew its action constituted unlawful discrimination and/or acted with malice or reckless disregard for Ms. Blazek's statutorily protected rights.

47. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, and mental suffering as a proximate result of Defendant's discriminatory practices.

48. Therefore, Plaintiff hereby seeks compensatory damages, back pay, front pay, and punitive damages, together with the costs of suit, attorneys' fees, and any other relief that to this court seems just and proper.

## FOURTH CAUSE OF ACTION
### New York City Human Rights Law

49. Plaintiff repeats and realleges each and every paragraph set forth above as though fully set forth below.

50. By the acts and practices described above, Defendant discriminated against Plaintiff in violation of the NYC Human Rights Law by compensating her at a lower wage than

similarly situated male employees and by subjecting her to disparate treatment based on her sex, gender, and gender expression.

51. Defendant knew its action constituted unlawful discrimination and/or acted with malice or reckless disregard for Ms. Blazek's statutorily protected rights.

52. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, and mental suffering as a proximate result of Defendant's discriminatory practices. Therefore, Plaintiff hereby seeks compensatory damages, back pay, front pay, and punitive damages, together with the costs of suit, attorneys' fees, and any other relief that to this court seems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an award:

a. Declaring the acts and practices complained of herein are in violation of the Equal Pay Act, the New York Equal Pay Act, Executive Law, the NYC Human Rights Law and the NYS Human Rights Law;

b. Ordering Defendant Manhattan School of Music to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

c. Ordering Defendant Manhattan School of Music to place Plaintiff in the position she would be in but for Defendant's discriminatory and retaliatory treatment of her, and to make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to, wages and other lost benefits;

    d. Ordering the Defendant to pay Plaintiff an amount equal to the difference between the wages actually received and the wages paid to male employees performing equal work within the meaning of Section 6(d) of the Act and interest thereon together with an additional equal amount as liquidated damages;

    e. Ordering Defendant to reinstate Plaintiff;

    f. Ordering Defendant to pay punitive damages;

    g. Ordering Defendant to pay an additional amount to compensate Plaintiff for the emotional distress Defendant's unlawful conduct has caused Plaintiff;

    h. Awarding Plaintiff such interest as is allowed by law;

    i. Awarding Plaintiff his reasonable attorneys' fees and costs; and

    j. Granting such other and further relief as the Court deems necessary and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief on which she has a right to a jury trial.

Dated: September 11, 2018
    Nanuet, NY

By: _____/s/_____
Karen L. Zdanis (KZ3651)
ZDANIS LAW FIRM, PLLC
Old Turnpike Road, Suite 304
Nanuet, New York 10954
(854) 356-0855

*ATTORNEYS FOR PLAINTIFF*